UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**NOV 2 1 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-0095 (PLF) |
| | ) | |
| MARK A. BURNETTE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Mark Burnette's motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2).  The government opposes Mr. Burnette's motion.[1]

For the reasons stated below, the Court agrees with the government that it would be inappropriate

to exercise its discretion to reduce Mr. Burnette's sentence.

On February 3, 2006, Mr. Burnette pled guilty to one count of unlawful

possession with intent to distribute cocaine base, also known as crack cocaine, in violation of 21

U.S.C. § 841(a)(1).  On August 18, 2006, the Court sentenced Mr. Burnette to a 30 month term

of imprisonment.  In doing so, the Court reasoned as follows: Mr. Burnette pled guilty to

possession with intent to distribute four grams of crack cocaine.  Under the then-applicable

Federal Sentencing Guidelines, that amount of crack cocaine yielded an offense level of 24.  The

Court adjusted Mr. Burnette's offense level upward by two levels (because Mr. Burnette

acknowledged that he possessed a weapon in conjunction with the drug offense, see U.S.S.G.

---

[1]     The papers submitted in connection with this matter include: Defendant's Motion
to Reduce Sentence ("Mot.") (filed on behalf of Mr. Burnette by the Office of the Federal Public
Defender), and Government's Response to Defendant's Motion to Reduce Sentence ("Opp.").

§ 2D1.1(b)(1)), and downward by three levels (because Mr. Burnette accepted responsibility for his crime, see U.S.S.G. § 3E1.1).  These adjustments resulted in an offense level of 23.  Since Mr. Burnette fell within Criminal History Category III, his Guidelines sentencing range was 57 to 71 months.  See Transcript of Sentencing at 13-14 (Aug. 18, 2006) ("Tr.").

"[R]ather than impose a sentence consistent with the [then-applicable] guideline range that reflected a 100 to 1 ratio between crack cocaine and powder cocaine offenses, [however,] the Court [exercised its discretion under United States v. Booker, 543 U.S. 220 (2005) and] imposed a sentence . . . that reflected a 20 to 1 ratio between crack and powder cocaine offenses." Mot. at 1.  The Court multiplied the amount of crack at issue (four grams) by 20, and then sentenced Mr. Burnette according to the then-applicable Guidelines sentencing range for that amount (80 grams) of powder cocaine.  Then, as now, possession with intent to distribute 80 grams of powder cocaine yielded an offense level of 16.  After applying the same upward and downward adjustments discussed above, Mr. Burnette's offense level was 15.  With a Criminal History Category of III, his Guidelines sentencing range was 24 to 30 months.  See Tr. at 15-16.  Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Burnette at the high end of that range, to a 30 month term of imprisonment.  He is currently scheduled to be released on December 24, 2008.

Mr. Burnette now asks the Court to reduce his sentence to time served because (1) the United States Sentencing Commission recently amended and lowered the base offense levels for crack cocaine offenses by two levels and made those amendments retroactive, see U.S.S.G., supp. to app. C, am. 706, 711; (2) the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission," 18 U.S.C. § 3582(c)(2); (3) the relevant amendments reduced the Guidelines

sentencing range for the crack cocaine offense to which Mr. Burnette pled guilty from 57 to 71

months to 46 to 57 months, see U.S.S.G. § 2D1.1(9) (Nov. 1, 2007); and (4) "[w]here, as here,

the Court imposed a sentence below the original guideline range [at the original sentencing], the

guidelines provide that 'a reduction comparably less than the amended guideline range . . . may

be appropriate [under Section 3582(c)(2)].' U.S.S.G. § 1B1.10." Mot. at 2.

The Court declines to reduce Mr. Burnette's sentence for three related reasons.

First, Mr. Burnette is not eligible for a reduced sentence under Section 3582(c)(2).[2] As the

government correctly points out:

> Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may
> only be reduced when he was "sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission." In this case, the
> defendant was not sentenced to a term of imprisonment based on a
> sentencing range that has subsequently been lowered by the
> Sentencing Commission, *because he was not sentenced pursuant
> to the guideline range for crack cocaine offenses.* Rather, this
> Court based the defendant's sentence on [the sentencing range
> applicable to 80 grams of cocaine powder], and therefore the
> sentencing range applied by the Court was not affected by the
> recent guideline amendment[.]

Opp. at 6 (emphasis added). Stated differently, Mr. Burnette's original sentence was not (as a

practical matter) "based on" the subsequently amended crack guidelines. Rather, it was based on

this Court's policy-based view of what the pre-amendment crack guidelines *should have been.*

---

[2]     This is not to suggest that the Court agrees with the government's view that
Section 3582 is jurisdictional. See United States v. Smith, 467 F.3d 785, 788 (D.C. Cir. 2006)
(suggesting that Section 3582 is better viewed as a "claims-processing rule").

3

See United States v. Gardellini, No. 07-3089, 2008 WL 4889971, at *2 (D.C. Cir. Nov. 14, 2008)

(explaining Kimbrough's holding that district courts "are free in certain circumstances to

sentence outside the Guidelines based on policy disagreements with the Sentencing

Commission").[3]  The Court's policy-based view of what the pre-amendment crack guidelines

should have been led the Court to sentence Mr. Burnette as if he was responsible for 80 grams of

powder cocaine, not 4 grams of crack cocaine.  Mr. Burnette therefore is not entitled to relief

under Section 3582(c)(2) because his sentence was not based on a "sentencing range that has

subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Second, even assuming that Mr. Burnette's case were viewed as falling within the

scope of Section 3582(c)(2), it is clear that he is entitled to no relief under Amendments 706 and

711 given the manner in which the Court calculated his original sentence.  Section 1B1.10 of the

Sentencing Guidelines is the policy statement applicable to Section 3582(c)(2) re-sentencings.  It

states in pertinent part:

> In determining whether, and to what extent, a reduction in the
> defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2)
> and this policy statement is warranted, the court shall determine the
> amended guideline range that would have been applicable to the
> defendant if the [relevant] amendment(s) to the guidelines had
> been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b)(1).[4]  In this case, if Amendments 706 and 711 had been in effect at the

---

[3]     This Court's policy-based view of what the pre-amendment crack guidelines
should have been is rooted in – and amply supported by – the scientific and empirical evidence
set forth in the numerous reports of the Sentencing Commission bearing on this issue.

[4]     This policy statement is advisory, not mandatory.  See United States v. Ragland,
568 F. Supp. 2d 19, 24-27 (D.D.C. 2008).  Neither party argues, however, that Section
1B1.10(b)(1) is an improper starting point for analyzing Mr. Burnette's Section 3582(c)(2) claim.

time Mr. Burnette was sentenced, *the Court would have arrived at precisely the same sentence it actually imposed*. Cf. Opp. at 6 ("Put another way, this Court has already expressed the concerns that inform Amendment 706, by giving the defendant the same benefit (and for the same reasons) as in Amendment 706."). In fact, Mr. Burnette's pre-amendment sentence of 30 months is considerably lower than the range of sentences contemplated by the post-amendment crack cocaine guidelines (46 to 57 months). Mr. Burnette's sentence was based not on the offense level for four grams of crack cocaine, but rather on the offense level for 80 grams of powder cocaine. Amendments 706 and 711 affected the former but not the latter. Thus, were the Court to apply the same 20:1 ratio it applied in 2006 to calculate Mr. Burnette's sentence today – as it surely would – it would arrive at the same pre-adjustment offense level, 16, and, after applying the same upward and downward adjustments, a Guidelines sentencing range of 24 to 30 months.

Third and finally, Section 1B1.10(b)(2)(B) of the Sentencing Guidelines notes that where, as here, "the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), *a further reduction [under 18 U.S.C. § 3582(c)(2)] generally would not be appropriate*." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). This statement of policy is advisory. See, e.g., United States v. Ragland, 568 F. Supp. 2d at 24-27. But the only affirmative reason Mr. Burnette offers for disregarding it is that the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), "further supports this Court's original sentencing determination *and* supports a further reduction to the bottom of the sentencing range applicable when a 20 to 1 crack/powder disparity is applied[.]" Mot. at 2 (emphasis added).

The Court disagrees that <u>Kimbrough</u>, by itself, "supports a further reduction to the bottom of the [adjusted] sentencing range." By holding that a "judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when calculating a reasonable sentence, <u>United States v. Kimbrough</u>, 128 S. Ct. at 564, <u>Kimbrough</u> ratifies the Court's decision to apply a 20-to-1 crack/powder ratio and vary downward based on <u>Booker</u> at Mr. Burnette's original sentencing. It does not, however, require or even necessarily support a *further* reduction in Mr. Burnette's sentence to the bottom of the Guidelines sentencing range that the Court found applicable after applying the 20:1 ratio. Indeed, the Court articulated good and sufficient reasons under 18 U.S.C. § 3553(a) for sentencing the defendant to 30 months (the top of the range) rather than 24 months. <u>See</u> Tr. at 35-42.

For all of these reasons, it is hereby

ORDERED that Defendant's Motion to Reduce Sentence [54] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 11/20/08